IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SETH LAVINDER,

        Plaintiff,

v.                               CIVIL ACTION NO.  2:15-cv-15514

MUTUAL OF OMAHA INSURANCE
COMPANY,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is the defendant Mutual of Omaha Insurance Company's Motion to Seal [ECF No. 67]. For the reasons given below, the Motion is **DENIED**.

I.   **Background**

This action concerns an insurance contract dispute between the plaintiff and the defendant. The plaintiff alleges three Counts against the defendant: (1) breach of contract, (2) unfair claims settlement practices, and (3) breach of the implied covenant of good faith and fair dealing/bad faith. *See* Notice of Removal Ex. A [ECF No. 1-1] ("Compl"). The plaintiff alleges that he "was insured under a Long Term Disability Policy issued by Mutual of Omaha" and had "paid the premiums to Mutual of Omaha to keep the Policy in full force and effect." Compl. ¶ 3. According to the Complaint, the plaintiff submitted a claim to the defendant for long term disability

benefits under the terms of the insurance policy and submitted sufficient evidence to support his claim. Compl. ¶ 5. The defendant denied his claim, and the plaintiff initiated an administrative appeal, which was also denied. Compl. ¶¶ 6, 7. The plaintiff alleges that the defendant's refusal to pay benefits under the insurance policy was arbitrary and capricious, unsupported in fact or in law, and a breach of contract. Compl. ¶ 8.

Pursuant to the Amended Scheduling Order, any dispositive motions in this case must be filed on or before December 20, 2016. Am. Scheduling Order [ECF No. 35]. The defendant requests to seal its present Motion and supporting memorandum, its motion for summary judgment and supporting memorandum, and all supporting exhibits. Mot. 2. The defendant argues that these documents should be sealed because the documents contain sensitive medical information regarding the plaintiff.

## II.     Legal Standard

While documents may be protected if they contain trade secrets or other confidential information, "[o]nce documents are made part of a dispositive motion, such as a summary judgment motion, they 'lose their status of being raw fruits of discovery.'" *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 252 (4th Cir. 1988). Accordingly, the court will not seal a document simply because the parties have designated that document as "Confidential." A motion to seal must be filed.

According to Local Rule of Civil Procedure 26.4(b)(2), a motion to seal must be accompanied by a memorandum of law that contains "(A) the reasons why sealing is

2

necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate; (B) the requested duration of the proposed seal; and (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals." LR Civ P 26.4(b)(2). The court will only seal documents when "exceptional circumstances" are present. LR Civ P 26.4(b)(1). In order to determine whether the materials should be sealed, the court will weigh the public's First Amendment and common law rights of access against the interests of the party seeking continued confidentiality. *See Va. Dep't of St. Police v. Wash. Post*, 386 F.3d 567, 575–76 (4th Cir. 2004).

The common law right affords presumptive access to all judicial records and documents. *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978); *Stone v. U. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Materials that fall within the common law right may be sealed only if competing interests outweigh the public's right of access. Generally, "all documents filed for the Court's consideration in a civil case, even if not the subject of a judicial decision, are subject to presumptive access." *Walker Sys. v. Hubbell, Inc.*, 188 F.R.D. 428, 429 (S.D. W. Va. 1999); *see also Brown & Williamson Tobacco v. FTC*, 710 F.2d 1165 (6th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1983); *In re Coordinated Pretrial Proc. in Petroleum Prods. Antitrust Litig.*, 101 F.R.D. 34, 38 (C.D. Cal. 1984). Public inspection of court documents "is necessary to allow interested parties to judge the court's work product in the cases assigned to

it." LR Civ P 26.4(b)(1).

The public's First Amendment right of access can only be overcome when "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606–07 (1982); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 15 (1986); *Va. Dep't of St. Police*, 386 F.3d at 573.

In a concurring opinion, the Fourth Circuit provided some procedural guidance to district courts for the sealing of documents:

> First, the judicial officer must "state the reasons for [her] decision to seal supported by specific findings." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). "The judicial officer may explicitly adopt the facts that the government presents to justify sealing . . . [b]ut the decision to seal must be made by the judicial officer." *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989). Second, "the judicial officer must consider alternatives to sealing the documents. This ordinarily involves disclosing some of the documents or giving access to a redacted version." *Id.* at 66 (citations omitted). Third, a judicial officer must give notice to the public by docketing the order sealing the documents. *Id.* at 65. All of these procedures "must be followed *when a [judicial officer] seals judicial records* or documents." *Stone v. U. of Md. Med. Sys. Corp.*, 855 F.2d 178, 179–80 (4th Cir. 1988) (emphasis added).

*Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 435 (4th Cir. 2005) (Michael, J., concurring).

### III. Discussion

The defendant states that the "defense in this lawsuit is predicated in large part upon the medical conditions of the Plaintiff and the medical records and documents associated therewith." Mem. Supp. Mot. Seal 2 [ECF No. 67-1]. According

to the defendant, its summary judgment motion will contain "argument and exhibits including medical records which necessarily discuss the Plaintiff's physical and psychological condition at the time of his long term disability claim in 2013–2015 as well as the testimony of his doctors regarding the Plaintiff's medical conditions at the time of his claim." *Id.* The defendant states, "Although there is a common law presumptive right of public access to all judicial records, exceptional circumstances exist in this case to warrant that Mutual of Omaha's summary judgment briefs and exhibits be sealed from public view. . . . To allow public inspection of these documents would adversely affect the medical and privacy interests of the Plaintiff." *Id.* at 2–3. Moreover, the defendant argues that "[a]lternatives to sealing, like redaction, would not be adequate because such a large portion of the documents would have to be redacted," hampering the court's review of the motion and supporting documents. *Id.* at 3.

Beyond its offering of conclusory statements, the defendant has not provided the court with sufficient information to determine that "exceptional circumstances" are present to warrant the granting of its Motion. *See* LR Civ P 26.4(b)(1) ("The rule requiring public inspection of court documents is necessary to allow interested parties to judge the court's work product in the cases assigned to it. The rule may be abrogated only in exceptional circumstances."). The defendant addresses several—but not all—of the required factors to be considered in ruling on a motion to seal. The defendant does, albeit casually, discuss the public's common law right to access court

5

documents, and it also mentions the feasibility of alternatives to sealing the documents, such as redaction. Nevertheless, the defendant offers no specific facts or examples to support its conclusion that the public's interest in accessing court records is outweighed by the plaintiff's privacy interest regarding his medical records. The defendant has not attached any supporting information that would allow the court to independently assess the character of the information sought to be protected. In other words, the defendant asks the court to simply take its word for it. The Fourth Circuit has held that "[t]he decision to seal documents must be made after independent review by a judicial officer, and supported by 'findings and conclusions specific enough for appellate review.'" *Media Gen. Operations, Inc.*, 417 F.3d at 429 (quoting *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 65–66 (4th Cir. 1989)). The court is simply without any means to independently review the character of the information at issue.

Additionally, the defendant has failed to include in its Motion any discussion regarding the suggested duration of the proposed seal or the public's rights under the First Amendment.

Accordingly, the defendant's Motion is **DENIED**.

### IV. Conclusion

For the reasons stated above, the court **ORDERS** that the defendant's Motion to Seal [ECF No. 67] is **DENIED**. The court **DIRECTS** the Clerk to **UNSEAL** the defendant's Motion and supporting Memorandum [ECF No. 67-1].

      The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:    December 15, 2016

                _____
                JOSEPH R. GOODWIN
                UNITED STATES DISTRICT JUDGE